# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Dennis James Caputo | ) | Case Number: 2:23-cr-00178-JAD-EJY |
| | ) | USM Number: 76683-510 |
| **Date of Original Judgment:** 12/3/2024 | ) | Benjamin Nemec, AFPD |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 and 2 in the Superseding Indictment [ECF No. 54]

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 924(m) and 2 | Theft of Firearms from Licensee and Aiding and Abetting | 7/25/2023 | 1 |
| 18 U.S.C. §§ 922(j) and 924(a)(2) and 2 | Possession of Stolen Firearms and Aiding and Abetting | 9/5/2023 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  remaining   ☑ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/7/2025
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Jennifer A. Dorsey, United States District Judge
Name and Title of Judge

8/7/2025
Date

AO 245C (Rev. 09/20) – Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 2:23-cr-00178-JAD-EJY   Document 105   Filed 08/07/25   Page 2 of 16
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 7

DEFENDANT: Dennis James Caputo
CASE NUMBER: 2:23-cr-00178-JAD-EJY

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
72 months per count concurrent

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends FCI Phoenix, FCI Safford or FCI Englewood. The Court further recommends defendant be allowed to participate in the RDAP program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 12 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case　　　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))
　　　　　　　　　　　　　Sheet 3 — Supervised Release

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment—Page　3　of　7

DEFENDANT: Dennis James Caputo
CASE NUMBER: 2:23-cr-00178-JAD-EJY

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

　　　　　　　　　　　　　　　　　3 years per count, concurrent.

and must comply with the following standard conditions, mandatory conditions, and special conditions:

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case   (NOTE: Identify Changes with Asterisks (*))
Sheet 3A — Supervised Release

DEFENDANT: Dennis James Caputo  
CASE NUMBER: 2:23-cr-00178-JAD-EJY

Judgment—Page 4 of 7

## MANDATORY CONDITIONS OF SUPERVISION

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT: Dennis James Caputo
CASE NUMBER: 2:23-cr-00178-JAD-EJY

# SPECIAL CONDITIONS OF SUPERVISION

**Substance Abuse Treatment** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must pay the costs of the testing. You must not attempt to obstruct or tamper with the testing methods.

**Mental Health Treatment** – You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

**Debt Obligations** – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

**Place Restriction** – Geographic Area – You must not knowingly enter the Overton Ace Hardware located at 183 South Moapa Valley Boulevard, Overton, Nevada 89040, without first obtaining the permission of the probation officer.
Gambling Treatment – You must participate in an outpatient gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**No Gambling** – You must not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and you must not enter any casino or other establishment, except for the purpose of employment, as approved and directed by the probation officer, where gambling is the primary purpose (e.g., horse tracks, off-track betting establishments).

**Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Dennis James Caputo
CASE NUMBER: 2:23-cr-00178-JAD-EJY

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|-----------|-------------|------|------------------|-------------------|
| TOTALS | $ 200.00  | $ 32,243.00 | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------|---------------|---------------------|------------------------|
| Ace Hardware<br>ATTN: Mark Hopkins<br>183 South Moapa Valley Bouleva<br>Overton, NV 89040 | | $32,243.00 | |
| **TOTALS** | $ 0.00 | $ 32,243.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for ☐ fine ☑ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 2:23-cr-00178-JAD-EJY   Document 105   Filed 08/07/25   Page 7 of 16
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 7 of 7

DEFENDANT: Dennis James Caputo
CASE NUMBER: 2:23-cr-00178-JAD-EJY

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 32,443.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| 2:23-cr-00178-JAD-EJY-2<br>Alexis Breanna Worrell | | $32,243.00 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-178-JAD-EJY |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| DENNIS JAMES CAPUTO, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 924(d)(1), (2)(C), and (3)(E) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Dennis James Caputo to the criminal offenses, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which Dennis James Caputo pled guilty. Superseding Criminal Indictment, ECF No. 54; Change of Plea, ECF No. 66; Plea Agreement, ECF No. 67; Preliminary Order of Forfeiture, ECF No. 68.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 19, 2024, through August 17, 2024, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 71-1, p. 5.

This Court finds the United States notified known third parties by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Mailing, ECF No. 73.

On August 8, 2024, the United States Attorney's Office attempted to serve Alexis Breanna Worrell at Sail Point St. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as moved left no address and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-20.

On August 8, 2024, the United States Attorney's Office attempted to serve Alexis Breanna Worrell at Spanish Meadows Ave. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as attempted - not known and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-16, 21-23.

On August 8, 2024, the United States Attorney's Office attempted to serve Alexis Breanna Worrell at Tamarus St. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as attempted - not known and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-16, 24-26.

On August 8, 2024, the United States Attorney's Office served and attempted to serve Alexis Breanna Worrell at Dillseed Dr. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-16, 27-29.

On August 8, 2024, the United States Attorney's Office served Concierge Legal NV, Lauria Ann Lynch-German, o/b/o Alexis Breanna Worrell, at 4th Street with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-16, 30-31.

On August 8, 2024, the United States Attorney's Office served Richard Wolff at 686 State Highway 73 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 3, 9-16, 32-33.

On August 8, 2024, the United States Attorney's Office served and attempted to serve Richard Wolff at Wall Street with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 34-36.

On August 8, 2024, the United States Attorney's Office attempted to serve Richard Wolff at 682 State Highway 73 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as not deliverable as addressed, attempted - not known, and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 37-39.

On August 8, 2024, the United States Attorney's Office attempted to serve Richard Wolff at Golfers St. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as forward time expired. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 40-42.

On August 8, 2024, the United States Attorney's Office served Overton Ace Hardware, c/o Mark Hopkins, Owner, at Moapa Valley Blvd., PO Box 653 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 43-44.

On August 8, 2024, the United States Attorney's Office served Overton Ace Hardware, c/o Matt Hopkins, Owner, at Moapa Valley Blvd., PO Box 653 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail

return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 45-46.

On August 8, 2024, the United States Attorney's Office served Overton Ace Hardware, c/o Emily Osborne, Manager, at Moapa Valley Blvd., PO Box 653 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 47-48.

On August 8, 2024, the United States Attorney's Office served Dan's Overton Market, Inc. DBA Overton Ace Hardware, c/o Daniel Hopkins, President/Director, at PO Box 653 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4, 9-16, 49-50.

On August 8, 2024, the United States Attorney's Office served Dan's Overton Market, Inc. DBA Overton Ace Hardware, c/o Daniel R. Hopkins, President/Director, at Moapa Valley Blvd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 4-5, 9-16, 51-52.

On August 8, 2024, the United States Attorney's Office served Dan's Overton Market, Inc., c/o Karen Hopkins, Registered Agent, at Moapa Valley Blvd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 53-54.

On August 8, 2024, the United States Attorney's Office served Dan's Overton Market, Inc., c/o Daniel R. Hopkins, President/Director, at Moapa Valley Blvd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 55-56.

///

On August 8, 2024, the United States Attorney's Office served Gallagher Bassett Services, c/o James Coyle, Property Claims Adjuster, at PO Box 2934 with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 57-59.

On August 8, 2024, the United States Attorney's Office served Gallagher Bassett Services, Inc., c/o CT Corporation System, Registered Agent, at Carson Street with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 60-61.

On August 8, 2024, the United States Attorney's Office served Gallagher Bassett Services, Inc., Attn: Legal / Claims, at Golf Road with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 62-63.

On August 8, 2024, the United States Attorney's Office served and attempted to serve Gallagher Bassett Services, Inc., c/o Scott R. Hudson, President & Director, at Golf Road with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Neither mailing was returned. However, the status of the certified mail is unknown as the US Postal Service has the mail in transit since August 15, 2024. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 64-67.

On August 8, 2024, the United States Attorney's Office served Gallagher Bassett Services, Inc., c/o James J. Bond, Director, at Golf Road with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5, 9-16, 68-69.

On August 8, 2024, the United States Attorney's Office attempted to serve Domineaq Marchell Thomas Wilson at Trickling Descent with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt

requested. Both the regular mail and certified mail were returned as no such number, unclaimed, and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 5-6, 9-16, 70-72.

On August 8, 2024, the United States Attorney's Office served Domineaq Marchell Thomas Wilson at Amanda Creek Ct. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 73-75.

On August 8, 2024, the United States Attorney's Office served and attempted to serve Domineaq Marchell Thomas Wilson at Nellis Blvd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as not deliverable as addressed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 76-78.

On August 8, 2024, the United States Attorney's Office served and attempted to serve Robbie Pollare at Aspen Hill Cir. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was returned as attempted - not known and unable to forward. According to the US Postal Service, the certified mail was delivered. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 79-82.

On August 8, 2024, the United States Attorney's Office served Robbie Pollare at Feather Way with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 83-84.

On August 8, 2024, the United States Attorney's Office attempted to serve Joshua Warren Russell at King St. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and the certified mail were returned as not deliverable as addressed, unclaimed, and

/ / /

6

unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 85-87.

On August 8, 2024, the United States Attorney's Office attempted to serve Joshua Warren Russell at Brightwater St. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as not deliverable as addressed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6, 9-16, 88-90.

Additional potential addresses were checked through Lexis Public Records and Westlaw Public Records, but no additional current addresses were found for Joshua Warren Russel. Based on information and belief, there are no other potential addresses to serve for Joshua Warren Russel. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 6-7.

On August 8, 2024, the United States Attorney's Office attempted to serve Bevan (or Beven) Duke at Debussy Way with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as vacant, unclaimed, and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 9-16, 91-93; Supplement to Notice of Filing Service of Process – Mailing, ECF Nos. 76 and 76-1, p. 3.

On August 8, 2024, the United States Attorney's Office served Bevan (or Beven) Duke at Elvido Ave. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 7, 9-16, 94-95.

On August 8, 2024, the United States Attorney's Office attempted to serve Bevan (or Beven) Duke at Industrial Road with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Both the regular mail and certified mail were returned as attempted - not known and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 73-1, p. 7, 9-16, 96-98.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(E) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. a Cugir Arms Factory / Century International Arms model WASR-10 7.62x39mm semiautomatic rifle bearing serial number 21A1-91621;
2. a Shadow Systems model DR920 9x19mm semiautomatic pistol bearing serial number S014096;
3. a Glock model G48 9x19mm semiautomatic pistol bearing serial number BZSG948;
4. an Armscor / Cimarron model 1911 .45 ACP semiautomatic pistol bearing serial number C014066;
5. an Armscor / Cimarron model 1911 .45 ACP semiautomatic pistol bearing serial number C014179;
6. a Kimber model 1911 Rapide .45 ACP semiautomatic pistol bearing serial number K884359;
7. a Kimber model 1911 Pro CDP .45 ACP semiautomatic pistol bearing serial number KR311923; and
8. any and all compatible ammunition

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Dennis James Caputo, Alexis Breanna Worrell, Richard Wolff, Overton Ace Hardware,

Mark Hopkins, Matt Hopkins, Emily Osborne, Dan's Overton Market, Inc. DBA Overton Ace Hardware, Daniel R. Hopkins, Karen Hopkins, Gallagher Bassett Services, Domineaq Marchell Thomas Wilson, Robbie Pollare, Joshua Warren Russel, Bevan (or Beven) Duke, and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED December 3, 2024.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

9